MOUNT CARMEL MEDICAL CENTER, APPELLEE, *v.* AUDDINO, APPELLANT; CARFAGNA'S INTERNATIONAL SUPERMARKET ET AL., APPELLEES.

(No. 88AP-362—Decided September 20, 1988.)

*Pariser & Pariser* and *David B. Pariser,* for appellee Mt. Carmel Medical Ctr.

*William H. Ross,* for appellant Rosario Auddino.

*John T. Belton,* for appellee Carfagna's International Supermarket.

*Emens, Hurd, Kegler & Ritter* and *Melvin D. Weinstein,* for appellee Ohio State Life Insurance Co.

*Hans Scherner,* for appellee Charles Booher & Associates, Inc.

WHITESIDE, P.J. Defendant and third-party plaintiff, Rosario Auddino, appeals from the judgment of the Franklin County Court of Common Pleas sustaining the Civ. R. 12(B)(6) motion and dismissing his complaint for failure to state a claim for relief, and raises two assignments of error as follows:

"1. The trial court committed reversible error when it granted third-party defendants' motions to dismiss for failure to state a claim upon which relief can be granted under Ohio Civil Rule 12(B)(6) when the trial court had jurisdiction to hear the case and when the third-party complaint stated a sufficient cause off [*sic*] action under the facts and common law torts — which brought this claim under ERISA statute.

"2. The trial court committed reversible error in granting third-party defendants' motions to dismiss for failure to state a claim upon which relief can be granted under Ohio Civil Rule 12(B)(6) with prejudice."

Plaintiff, Mount Carmel Medical Center, brought this action against the defendant, Auddino, on January 26, 1987, to recover payment for medical services in the amount of $9,975. Auddino filed a third-party complaint against third-party defendants, Carfagna's International Supermarket ("Carfagna's"), the Ohio State Life Insurance Company and Charles Booher & Associates, Inc., alleging that Carfagna's, as his employer, had agreed to provide health insurance coverage for him through the Ohio State Life Insurance Company to be administered by Charles Booher & Associates, Inc. The complaint alleges that when plaintiff submitted its bill to the third-party defendant, the Ohio State Life Insurance Company, plaintiff was told that defendant Auddino was not covered by the group policy covering Carfagna's employees. The third-party complaint further alleges with particularity that Carfagna's had fraudulently represented to Auddino that he was covered by this group insurance policy, and that he had relied on those fraudulent representations. Auddino requested "[j]udgment against the third-party defendants Carfagna's International Supermarket, Ohio State Life Insurance Co., and Charles Booher & Associates, Inc. for all sums that may be adjudged against the defendant Rosario Auddino in favor of the plaintiff." Judgment was also requested against all three third-party defendants for the amount that allegedly should have been paid under the health insurance plan and an amount representing punitive damages.

Separate motions were filed pursuant to Civ. R. 12(B)(6) by each third-party defendant to dismiss the third-party complaint for failure to state a claim upon which relief may be granted. All three motions contend that Auddino's claims were common-law tort and contract actions relating to employee benefit plans. Alleged state-law claims are contended to be preempted by the Employee Retirement Income Security Act ("ERISA"), and Auddino was limited to those remedies specifically enumerated in ERISA. Therefore, third-party defendants contend that Auddino has no common-law claims upon which relief could be granted. The trial court sustained all three motions to dismiss. In doing so, the court held that Auddino's exclusive remedy was under ERISA.

In a subsequent decision sustaining defendant Carfagna's motion to dismiss, the trial court held that Auddino had not stated a claim for relief under ERISA. Therefore, defendant and third-party plaintiff Auddino's complaint was dismissed with prejudice. Judgment was granted to the plaintiff, Mount Carmel Medical Center, for $9,975 with interest and costs. Auddino raises no issue on appeal as to the judgment against him in favor of Mount Carmel. Rather, Auddino raises only issues pertaining to the trial court's dismissing his third-party complaints against Carfagna's, the Ohio State Life Insurance Company and Charles Booher & Associates, Inc.

Auddino's assignments of error will be treated together because both address the issue of whether the granting of the motions to dismiss was proper. The appropriate standard for determining whether to sustain a Civ. R. 12(B)(6) motion is found in *O'Brien* v. *University Community Tenants Union, Inc.* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, the syllabus of which states:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * *"

If reasonable minds can differ as to whether plaintiff has alleged a claim in

his complaint, plaintiff should be given the opportunity to prove by testimony and other evidence that he is entitled to the requested relief. Therefore, unless it be established beyond doubt that Auddino can prove no set of facts that would establish a right to relief, the Civ. R. 12(B)(6) motions to dismiss of all three defendants should have been overruled.

The first issue which must be examined is Auddino's ERISA claim to determine if he has stated a claim for relief. Auddino alleges that Carfagna's agreed to provide health insurance coverage for him upon his accepting employment with Carfagna's. Under Section 1003, Title 29, U.S. Code, any employee benefit plan established by any employer engaged in commerce or in any activity affecting commerce is governed by the ERISA guidelines. "Employee benefit plan" is defined in Section 1002(3), Title 29, U.S. Code as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." Any plan or fund established or maintained by an employer for the purpose of providing the participants with "* * * medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits * * *" qualifies as an "employee welfare benefit plan" under Section 1002(1)(A), Title 29, U.S. Code. Once it is determined that an employee plan is at issue, the remaining provisions of ERISA are applicable. Here, there is a question, or at least a disagreement, over whether Auddino is covered by an employee benefit plan covered by ERISA. He alleges in his complaint that Carfagna's agreed to provide health insurance coverage for him, while Carfagna's denies the existence of such coverage. As the trial court stated in

its decision, all issues concerning such a plan are covered by ERISA exclusively.

Section 1144(a), Title 29, U.S. Code provides that the provisions of ERISA "* * * supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan * * *," subject to a "saving" provision that "* * * nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." Section 1144(b)(2)(B). The saving provision is not applicable in this case because no state law regulating insurance, banking or securities is involved. ERISA provides a comprehensive scheme for civil enforcement of covered plans. Section 1132(a)(1)(B), Title 29, U.S. Code permits civil actions to be brought by participants to recover benefits due under the plan, to enforce rights under the plan or to clarify future rights under the plan. In other words, although state-law remedies have been superseded, ERISA provides an enforcement mechanism for matters concerning an employee benefit plan. All employees who are eligible to receive a benefit of any type under an employee benefit plan are considered participants for the purpose of determining who may bring a civil enforcement action. Section 1002, Title 29, U.S. Code.

In count one, paragraphs three through seven, Auddino alleges:

"3. Carfagna's International Supermarket agreed to provide health insurance coverage for the defendant, Rosario Auddino, pursuant to the employee contract signed in November 1984.

"4. * * * Carfagna's International Supermarket was to pay the premium.

"5. Between January 1985 through March 1985 * * * Auddino

received goods and services from the plaintiff, Mount Carmel Medical Center.

"6. [Such services] * * * were of the type that were covered by the health insurance policy that was supposedly being provided to the employees * * *.

"7. When the bill for these services was submitted * * * the plaintiff was informed that the group policy covering the employees of Carfagna's International Supermarket did not cover * * * Auddino."

Basically, Auddino alleges that he is entitled to be covered by Carfagna's health insurance and, therefore, is entitled to pursue his alleged ERISA claims.

Section 1132(a)(1)(B), Title 29, U.S. Code allows a participant to "recover benefits due to him under the terms of his plan * * *." In order to prevail in an action to recover such benefits, a participant must first have the opportunity to prove he is in fact a participant. Therefore, Auddino has the right to attempt to show that he is eligible to be covered under Carfagna's health insurance plan.

Here, the trial court erred in granting defendants' motions to dismiss because it has not been demonstrated beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. There is a question as to whether Auddino is covered by Carfagna's plan and, if he is, what his rights are under that plan. This type of issue is what ERISA was designed to cover. The question before this court is not whether Auddino is entitled to benefits under the plan or even if he is covered by Carfagna's employee benefit plan. Rather, the question is whether Auddino is entitled to an opportunity to present evidence to prove his claim for relief under ERISA. We find that he is.

After determining Auddino has alleged a claim for relief under ERISA, the next question before us is what court has jurisdiction to hear that claim. Section 1132(e), Title 29, U.S. Code gives state courts concurrent jurisdiction with district courts of the United States over civil actions brought by a participant to enforce rights under a plan. The Ohio Supreme Court recently recognized the extent of this concurrent jurisdiction in *Richland Hospital, Inc.* v. *Ralyon* (1987), 33 Ohio St. 3d 87, 516 N.E. 2d 1236. The court held in paragraph one of the syllabus that:

"State courts have jurisdiction concurrent with that of the federal courts to award benefits due under the terms of a self-insured employee benefit plan adopted pursuant to * * * (ERISA)."

The trial court in its March 16, 1988 decision correctly stated that the question is not whether the court has concurrent jurisdiction because clearly it does. Auddino is asserting a claim under Section 1132(a)(1)(B), Title 29, U.S. Code, which, under the authority of *Richland Hospital, supra,* state courts do have concurrent jurisdiction to hear. Auddino has alleged a claim for relief under ERISA, and the Franklin County Court of Common Pleas has jurisdiction to hear the claim.

Auddino is entitled to plead in the alternative that Carfagna's defrauded him. See Civ. R. 8(A). The fraud allegation is totally independent of any ERISA claim that Auddino alleged. In count two, paragraph twelve, Auddino alleged that "[t]hird-party defendants knowingly and deliberately, falsely and fraudulently represented to the third-party plaintiff, Rosario Auddino, that he was receiving health insurance coverage as a benefit of his employment * * *."

Under ERISA, all state-law claims which relate to the employee benefit plan are preempted by ERISA. Section

1144(a), Title 29, U.S. Code. The question then becomes, does Auddino's common-law fraud claim relate to the plan in such a way as to be preempted and, therefore, superseded under ERISA? However, if it be shown that Auddino in no way could have been covered by Carfagna's health plan, his common-law fraud claim cannot relate to the plan because there is no applicable plan. The fraud claim then is not subject to preemption and Auddino may maintain a common-law cause of action of fraud, if his ERISA claim fails.

The phrase "relate to" as used in ERISA has been interpreted by the United States Supreme Court as any state regulation " '* * * which purports to regulate, *directly or indirectly,* the terms and conditions of employee benefit plans * * *.' " (Emphasis *sic.*) *Alessi* v. *Raybestos-Manhattan, Inc.* (1981), 451 U.S. 504, 525. The above-quoted language is taken directly from the ERISA statute, Section 1144(c)(2), Title 29, U.S. Code. It makes no difference how indirect or remote the relationship is so long as it bears upon the terms and conditions of an employee benefit plan. The key concept is the relationship between the claim and the terms and conditions of the plan because in the absence of a connection to the plan itself, the preemption clause of ERISA does not apply to preclude state-law claims. In *Shaw* v. *Delta Air Lines, Inc.* (1983), 463 U.S. 85, 96-97, the Supreme Court described "relate to" as "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." (Footnote omitted.) The common element in both of these Supreme Court decisions is the relationship between the alleged state-law claim and the specific terms and conditions of the employee benefit plan.

This court does not need to determine whether Auddino is entitled to relief upon his common-law fraud claim. Instead, the issue before us is whether there is any set of facts that Auddino could conceivably prove that would entitle him to recovery upon the fraud claim. The trial court erred in concluding that there was no such set of facts. If there be no applicable plan because Auddino has no coverage available to him through Carfagna's, then there is no relationship between the fraud claim and any plan and, thus, no preemption under ERISA. Auddino alleged that Carfagna's defrauded him into believing he was covered by a health insurance plan; Carfagna's denied such coverage. As a result of the alleged fraud, Auddino seeks compensatory damages, not recovery of that which he was entitled to under the plan, although evidence of such benefits is pertinent to determination of compensatory damages. His claim is based upon fraud and not upon the terms and conditions of any plan.

The *Richland Hospital* court, *supra,* addressed a very similar issue and reached the conclusion that common-law claims of willful and malicious misrepresentations regarding an employee benefit plan are preempted under ERISA. However, the facts of the *Richland Hospital* case differ sufficiently from those alleged herein as to make the case distinguishable. The defendant in *Richland Hospital* alleged that the misrepresentations involved the extent of the benefits to which he was entitled under the plan. There was a direct connection and relationship with the terms of the plan and, as such, the court correctly held that those claims were preempted under ERISA. Here, plaintiff alleges to the effect that he accepted employment from Carfagna's upon the representation that an employee benefit plan providing health insurance

coverage was part of his compensation package when, in fact, either no such plan was in existence under which he could be provided health insurance coverage or such a plan was in existence but he was not eligible for participation therein.

Carfagna's relies heavily on the Supreme Court's decision in *Pilot Life Ins. Co.* v. *Dedeaux* (1987), 481 U.S. 41, to support the trial court's decision to dismiss. *Pilot Life* merely repeated and reemphasized prior decisions. Any state-law claims of Auddino related to Carfagna's employee benefit plan, if one exists, *are* preempted, but Auddino is not left without a remedy if there be no applicable employee benefit plan. As pointed out previously, the trial court has jurisdiction over the ERISA claim and Auddino is entitled to an opportunity to prove such a claim. However, it was error to hold that Auddino has no claim either under Carfagna's plan or under a common-law fraud claim. Therefore, Auddino is entitled to an opportunity to present evidence regarding both claims and the trial court's summary dismissal of his claims is error.

Finally, it should be pointed out that were this court to affirm the dismissal, Auddino would, in effect, be precluded from any claim. He would have no ERISA claim and his other claims would be preempted by ERISA. Auddino would "fall through the cracks" with no cognizable claim for relief. This result was not intended by Congress when it enacted ERISA. The purpose of ERISA is to protect employees, not to destroy their preexisting state-law claims without a substitute therefor. In Section 1001, Title 29, U.S. Code, Congress specifically recognized the need to protect employees with a comprehensive regulatory scheme. Congress was concerned with enforcing employee benefit plans and ensuring that employees received the benefits they were entitled to. This clear congressional intent should be respected by the courts. Auddino alleged alternatively that he had a claim for relief under ERISA and a claim for relief based upon common-law fraud. Just as he cannot have both remedies, he cannot be completely precluded from both. If there be a plan available to Auddino, based on his pleadings, he is entitled to maintain an action under ERISA. On the other hand, if it be established that there was never a plan available to Auddino, then based on his pleadings, he is entitled to maintain the alleged common-law fraud claim.

Plaintiff Mount Carmel's judgment is not affected by this decision as Auddino raises no issue pertaining to it. Therefore, judgment for Mount Carmel is affirmed.

For the foregoing reasons, both assignments of error are sustained and the judgment of the Franklin County Court of Common Pleas is affirmed insofar as it grants judgment for plaintiff against defendant but is reversed insofar as it sustained the third-party defendants' motions to dismiss, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion with costs assessed against third-party defendants.

*Judgment affirmed in part,
reversed in part,
and cause remanded.*

BOWMAN and COOK, JJ., concur.

ROBERT E. COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellant District.