**LEICHLITER, Appellant,**

v.

**NATIONAL CITY BANK OF COLUMBUS et al., Appellees.**

[Cite as *Leichliter v. Natl. City Bank of Columbus* (1999), 134 Ohio App.3d 26.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–1232.

Decided Sept. 9, 1999.

*Paul S. Kormanik,* for appellant.

*Jeanine Loehr Bielby,* for appellees National City Bank, Chase Manhattan Bank, and Citibank.

*Buckley, King & Bluso* and *Gary A. Gillett,* for appellee Connecticut General Life Insurance Company.

Bowman, Judge.

Plaintiff-appellant, Shana Leichliter, appeals judgments of the Franklin County Court of Common Pleas dismissing with prejudice the claims of appellant against defendants-appellees National City Bank, Chase Manhattan Bank, and Citibank (Delaware) ("the banks") and dismissing with prejudice the claims of appellant against defendant-appellee, Connecticut General Life Insurance Company ("Connecticut General"). Appellant presents the following two assignments of error for review:

*Assignment of Error No. 1:*

"The trial court erred when it sustained the motion to dismiss Connecticut General Life Insurance Company and ruled in the judgment entry that the defendant was dismissed with prejudice."

*Assignment of Error No. 2:*

"The trial court erred when it sustained the motion to dismiss National City Bank, Chase Manhattan Bank, and Citibank (Delaware) and ruled in the judgment entry that the defendant[s] [were] dismissed with prejudice."

 A motion to dismiss is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381. When considering a Civ.R. 12(B)(6) motion to dismiss, a court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 461, 650 N.E.2d 899, 900. A complaint will not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would warrant relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

Appellant filed a complaint in February 1998 against the banks, Connecticut General, AT&T, Lucent Technologies, Ronald Leichliter, and Tracy Leichliter. In the complaint, appellant alleges that her mother, Mary Jane Daniels, died in December 1991. At the time of her death, Daniels was employed by AT&T, and appellant was the named beneficiary of her mother's employment benefits. Appellant's step-brother, Ronald Leichliter, was appointed fiduciary of Daniels's estate. Appellant believes that, upon her mother's death, as her beneficiary, she was entitled to an AT&T pension plan benefit, a Connecticut General death benefit, a Connecticut General benefit, an AT&T long-term savings and security plan benefit, and an AT&T Employee Stock Ownership Plan benefit. Appellant alleges that, through a fraudulent and concealed scheme, Ronald Leichliter used his status and knowledge as fiduciary of Daniels's estate to apply for, and thereby conceal and convert to his control and use, checks made payable for the above-mentioned nonprobate benefits. Appellant demanded judgment against appellees for the amount of the benefit checks alleged to be fraudulently endorsed and negotiated, other unknown benefits, prejudgment interest, attorney fees and costs.

Connecticut General and the banks filed separate motions to dismiss, pursuant to Civ.R. 12(B)(6), which the trial court granted in separate orders that included Civ.R. 54(B) language. In addition to these two motions, AT&T and Lucent filed a Civ.R. 12(B)(6) motion to dismiss, and appellant filed a motion for default

judgment against Ronald and Tracy Leichliter; the record does not indicate that the trial court ruled on these motions.

Appellant's first assignment of error addresses the propriety of the trial court granting Connecticut General's motion to dismiss.

██ Connecticut General moved for dismissal on the basis that appellant's claim against it was a state-law claim that was preempted by the civil enforcement provisions of the Employment Retirement Income Security Act of 1974 ("ERISA"), Section 1001, Title 29, U.S.Code *et seq.* Appellant did not oppose Connecticut General's motion. The trial court granted the motion to dismiss after finding that appellant's state-law claims sought recovery of benefits regulated by ERISA and were, consequently, preempted.

Appellant's claim against Connecticut General, AT&T, and Lucent alleges that they agreed to pay the benefits, previously described, to her and that, by not paying her these benefits, they damaged her in the amount of the payable benefits.

 ERISA broadly preempts state law relating to employee benefit plans. *Richland Hosp., Inc. v. Ralyon* (1987), 33 Ohio St.3d 87, 91, 516 N.E.2d 1236, 1240. While federal courts have exclusive jurisdiction over ERISA claims for breach of fiduciary duty, state courts have concurrent jurisdiction with federal courts over ERISA claims to recover benefits due under the terms of the employee benefit plan, to enforce rights under the plan, and to clarify rights to future benefits under the terms of the plan. *Richland* at 90, 92, 516 N.E.2d at 1240, 1241–1242. Thus, as long as state courts apply federal law, they may award benefits due under ERISA plans.

On appeal, appellant argues that the trial court erroneously assumed that her claim against Connecticut General was a state-law claim. Appellant asserts that her claim against Connecticut General is not a state-law claim but an ERISA claim to recover benefits due and payable, over which state courts have concurrent jurisdiction. Appellant disputes Connecticut General's characterization of her claim against it as a state-law conversion claim. Appellant contends that, to plead a claim under ERISA, she was simply required to allege that benefits are due and payable and that she did so.

Connecticut General disputes appellant's position that her claim against it is an ERISA claim; however, it does not address this issue. Connecticut General focuses its discussion on the point of law that state-law claims that relate to employee benefit plans are preempted by ERISA. That is not at issue under this assignment of error. The determinative issue is whether appellant's claim against Connecticut General sets forth a claim for relief under ERISA over which state courts have jurisdiction.

██ Civ.R. 8(A) sets forth the necessities for pleading a claim for relief and provides in relevant part: "[A] pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." The purpose of Civ.R. 8(A) is to give the defendant fair notice of the claim and an opportunity to respond. *Fancher v. Fancher* (1982), 8 Ohio App.3d 79, 82–83, 8 OBR 111, 115, 455 N.E.2d 1344, 1348. Civ.R. 8(A) does not require the plaintiff to plead the legal theory of recovery. *Illinois Controls, Inc. v. Langham* (1994), 70 Ohio St.3d 512, 639 N.E.2d 771, paragraph six of the syllabus. Nor is the plaintiff " 'bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief.' " *Illinois,* at 526, 639 N.E.2d at 782, quoting McCormac, Ohio Civil Rules Practice (2 Ed.1992) 102, Section 5.01.

██ The issue on appeal from a Civ.R. 12(B)(6) motion is whether the plaintiff is entitled to an opportunity to present evidence to prove her claim for relief—not whether appellant is entitled to the benefits she seeks. *Mt. Carmel Med. Ctr. v. Auddino* (1988), 53 Ohio App.3d 62, 65, 558 N.E.2d 74, 77. Appellant's claim against Connecticut General alleges that she is entitled to payment of employee benefits. Appellant acknowledges that ERISA governs her claim. Connecticut General has not argued that appellant can prove no set of facts that would entitle her to relief under ERISA. Therefore, despite the complaint's omission of reference to ERISA, appellant's complaint against Connecticut General states a claim for relief upon which the trial court could grant relief based on its concurrent jurisdiction over ERISA claims. Accordingly, appellant's first assignment of error is sustained.

In her second assignment of error, appellant asserts that the trial court erred when it sustained the motion to dismiss the banks.

██ Pursuant to Civ.R. 12(B)(6), the banks filed a motion to dismiss all claims against them asserting that, on the face of the complaint, appellant's claims against them were barred by the statute of limitations. Appellant filed her complaint on February 2, 1998. The trial court noted that the alleged conversion of the checks occurred in 1992. The trial court found that an action for conversion of an instrument accrues upon the date of negotiation. The trial court then applied the four-year statute of limitations found in R.C. 2305.09 to actions for conversion by forgery of an instrument and dismissed the action against the banks as time-barred.

Appellant contends that the trial court confused the date of the checks with the date the checks were negotiated and converted. Appellant asserts that there is no evidence regarding the date the checks were negotiated and converted.

Appellant notes that appellees did not pursue discovery and offered no evidence regarding the date the checks were negotiated and converted. Thus, appellant argues that, absent any evidence when the checks were converted, the trial court erred when it ruled that the statute of limitations had run and the complaint was time-barred.

The banks respond that the complaint does not allege that Ronald Leichliter held the checks for a substantial time period, and the logical inference from the facts in the complaint is that the checks were negotiated and converted sometime in 1992. The banks contend that no facts are alleged in the complaint that would permit a reasonable inference that the checks were not converted until a date that would bring appellant's claims against them within the applicable statute of limitations.

 A defendant has five opportunities to raise the affirmative defense of statute of limitations, and when the bar of a statute of limitations is apparent on the face of the complaint, a Civ.R. 12(B) motion may be the proper avenue for raising the affirmative defense of statute of limitations. *Durham v. Anka Research Ltd.* (1978), 60 Ohio App.2d 239, 244, 14 O.O.3d 222, 225, 396 N.E.2d 799, 803. The burden of establishing the defense is on the defendant. *Id.* Therefore, when the face of a complaint does not conclusively show that the action is time-barred, a trial court errs when it grants a motion to dismiss based on the bar of the statute of limitations. *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, paragraph three of the syllabus.

Although the complaint states that the checks at issue were dated March 2, 6, and 31, 1992, the complaint does not indicate when they were negotiated and converted. Appellees do not indicate that they know when the checks were converted or that they attempted to discover this information. Accordingly, because the face of the complaint does not conclusively show when the statute of limitations for appellant's claims began to run, the trial court erred when it granted the motion to dismiss the banks and the issue may better be resolved in a motion for summary judgment.

 Appellant also disputes the trial court's determination that the statute of limitations for conversion applies to her claims against the banks. Appellant asserts that her claim against the banks, based on their statutory liability under former R.C. 1303.55 (see 129 Ohio Laws 13.77; cf. current R.C. 1303.60) for conversion, is based on an implied contract for the value of the property appellees received, and that the six-year statute of limitations applicable to contracts not in writing found at R.C. 2305.07 applies. In support of her position, appellant cites *Kirchner v. Smith* (1905), 7 Ohio C.C.(N.S.) 22, 18 Ohio C.D. 45, 1905 WL 1176.

In *Kirchner*, the plaintiff alleged that he and defendant each owned a one-half interest in a one-twelfth interest in an oil and gas lease and that the defendant sold the interest and kept all the sale proceeds. Plaintiff sued defendant for his share of the proceeds. In *Kirchner*, the court ruled that the plaintiff could waive a claim against the defendant for conversion of money and sue based on an implied contract for money had and received. The fact that the defendant in *Kirchner* was the party who had the plaintiff's money materially distinguishes *Kirchner* from the present action. In the present action, Ronald Leichliter, not the banks, is the one who has allegedly been unjustly enriched. Because there is no allegation that the banks were unjustly enriched, appellant's claim against them can only be construed as one based on conversion of an instrument.

Effective August 19, 1994, R.C. 1303.16(G)(1) provides that an action for conversion of an instrument shall be brought within three years after the cause of action accrues. Before the enactment of R.C. 1303.16, courts applied the four-year statute of limitations of R.C. 2305.09 applicable to common-law conversion to commercial paper conversion actions. *Palmer Mfg. & Supply, Inc. v. BancOhio Natl. Bank* (1994), 93 Ohio App.3d 17, 21–22, 637 N.E.2d 386, 389; *Druso v. Bank One of Columbus* (1997), 124 Ohio App.3d 125, 132, 705 N.E.2d 717, 721. Depending on the date that appellant's claim for conversion is found to have accrued, one of these statutes of limitations applies to the claims against the banks; however, given the present state of the record, which statute of limitations applies is not yet capable of determination.

For the above reasons, appellant's second assignment of error is sustained.

Appellant's two assignments of error are sustained, the judgment of the trial court is reversed, and this cause is remanded to that court for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

BROWN and PETREE, JJ., concur.