[Cite as *Marshall v. Wright State Univ. Boonshoft School of Medicine*, 2011-Ohio-6869.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GERALD MARSHALL,

Case No. 2011-03049

    Plaintiff,

    v.

Judge Alan C. Travis

WRIGHT STATE UNIVERSITY
BOONSHOFT SCHOOL OF MEDICINE,

    Defendant.

**DECISION**

{¶1} This matter came before the court for an evidentiary hearing to determine whether L. Joseph Rubino, III, M.D. is entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86.

{¶2} R.C. 2743.02(F) states, in part:

{¶3} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶4} R.C. 9.86 states, in part:

{¶5} "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of

his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶6} "[I]n an action to determine whether a physician or other health-care practitioner is entitled to personal immunity from liability pursuant to R.C. 9.86 and 2743.02(A)(2), the Court of Claims must initially determine whether the practitioner is a state employee. * * * If the court determines that the practitioner is a state employee, the court must next determine whether the practitioner was acting on behalf of the state when the patient was alleged to have been injured.  If not, then the practitioner was acting 'manifestly outside the scope of employment' for purposes of R.C. 9.86.  If there is evidence that the practitioner's duties include the education of students and residents, the court must determine whether the practitioner was in fact educating a student or resident when the alleged negligence occurred." *Theobald v. Univ. of Cincinnati*, 111 Ohio St.3d 541, 2006-Ohio-6208, ¶30-31.

{¶7} In early December 2007, plaintiff was referred to Dr. Rubino for treatment of a fractured right ankle.  On December 20, 2007, Dr. Rubino performed reparative surgery on plaintiff's ankle at the Far Hills Surgical Center in Dayton, Ohio.  According to the complaint, plaintiff suffered injury as a result of alleged malpractice during the surgery.

{¶8} Dr. Rubino testified that he has been employed by defendant since 2006 as an assistant professor in the department of orthopaedic surgery.  According to Dr. Rubino, defendant does not operate a hospital of its own, and its faculty physicians therefore practice at Far Hills Surgical Center and other facilities in the Dayton area.

{¶9} Dr. Rubino stated that the duties associated with his employment as a faculty physician include educating medical students and residents in a clinical setting. To that end, Dr. Rubino's employment agreement with defendant provides, in part: "You will be responsible for a teaching role in medical student and resident/graduate student education relative to the activities of your department under the auspices of the

department and School of Medicine." (Defendant's Exhibit A.) Dr. Rubino related that he was engaged in this duty during plaintiff's surgery inasmuch as a resident, Dr. Ross Schumer, observed the surgery and received instruction from him. Indeed, Dr. Rubino's operative report states that Dr. Schumer served as the "assisting surgeon." (Defendant's Exhibit E.)

{¶10} "[T]he question of scope of employment must turn on what the practitioner's duties are as a state employee and whether the practitioner was engaged in those duties at the time of an injury." Id. at ¶23.

{¶11} Based on the totality of the evidence, the court concludes both that Dr. Rubino's duties as a state-employed faculty physician included teaching residents, and that he was engaged in such duties at the time of the alleged negligence.

{¶12} Accordingly, the court finds that Dr. Rubino was acting within the scope of his state employment at all times pertinent hereto. Consequently, Dr. Rubino is entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F). Therefore, the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

{¶13} On a related matter, on March 22, 2011, defendant filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on the ground that plaintiff's complaint was not timely filed; the motion was held in abeyance pending the determination of Dr. Rubino's civil immunity. Plaintiff did not file a response.

{¶14} In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190. Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242. Additionally, dismissal under Civ.R. 12(B)(6) based upon a statute of limitations is proper only when the face of the complaint conclusively shows that the action is time-barred. *Leichliter v. Natl. City Bank of Columbus* (1999), 134 Ohio App.3d 26.

{¶15} R.C. 2743.16(A) provides, in part:

{¶16} "Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action *or within any shorter period that is applicable to similar suits between private parties.*" (Emphasis added.)

{¶17} R.C. 2305.113(A) provides that "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued."

{¶18} According to the complaint, plaintiff brings this claim for medical negligence arising from injuries he allegedly sustained during the December 20, 2007 surgery. The complaint relates that on December 12 and 19, 2008, plaintiff served notices pursuant to R.C. 2305.113(B)(1) to extend his one-year limitation period by 180 days. Therefore, plaintiff had until approximately June 18, 2009, to file his complaint. However, plaintiff did not file his complaint in this court until February 25, 2011.

{¶19} Based on the foregoing, the court determines that plaintiff's claim for medical negligence is time-barred. Accordingly, defendant's motion shall be granted and plaintiff's complaint shall be dismissed.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GERALD MARSHALL,                                   Case No. 2011-03049

      Plaintiff,

      v.                                           Judge Alan C. Travis

WRIGHT STATE UNIVERSITY
BOONSHOFT SCHOOL OF MEDICINE,

      Defendant.                                   **JUDGMENT ENTRY**

{¶20} The court held an evidentiary hearing to determine civil immunity pursuant to R.C. 9.86 and 2743.02(F). Upon hearing all the evidence and for the reasons set forth in the decision filed concurrently herewith, the court finds that L. Joseph Rubino, III, M.D. is entitled to immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

{¶21} Additionally, defendant's March 22, 2011 motion to dismiss is GRANTED and plaintiff's complaint is DISMISSED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Case No. 2011-03049 - 2 - ENTRY

Daniel R. Forsythe
Jeanna R. Volp
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Adam C. Armstrong
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017

Lawrence J. White
2533 Far Hills Avenue
Dayton, Ohio 45419

Filed November 21, 2011
To S.C. reporter December 30, 2011