[Cite as *McCain v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-3946.]

| EDDIE W. MCCAIN | Case No. 2019-00828JD |
|---|---|
| Plaintiff | Judge Patrick McGrath<br>Magistrate Gary Peterson |
| v. | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | <u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR JUDGMENT ON THE<br>PLEADINGS</u> |
| Defendant | |

{¶1} On April 22, 2020, defendant filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). On June 3, 2020, plaintiff filed a response. On June 10, 2020, defendant filed a reply. For the reasons discussed below, defendant's motion shall be granted.

**Standard of Review**

> Civ.R. 12(C) may be employed by a defendant as a vehicle for raising the several defenses contained in Civ.R. 12(B) after the close of the pleadings. * * * Pursuant to Civ.R. 12(C), the pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made along with the reasonable inferences drawn therefrom. * * * A Civ.R. 12(C) motion presents only questions of law, and it may be granted only when no material factual issues exist, and the movant is entitled to a judgment as a matter of law.

*Burnside v. Leimbach*, 71 Ohio App.3d 399, 402-403, (10th Dist.1991). To dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that plaintiff can prove no set of facts entitling her to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Dismissal under Civ.R. 12(B)(6) for failure to file the action within the applicable statute of limitations is proper only when the face of

the complaint conclusively shows that the action is time barred.  *Leichliter v. Natl. City Bank*, 134 Ohio App.3d 26 (10th Dist.1999).

**Factual and Procedural Background**

{¶2} According to the amended complaint,[1] on June 24, 2017, one or more of defendant's agents wrote a conduct report falsely accusing plaintiff of stabbing another inmate.  (Amended Complaint, p. 1.)  Plaintiff alleges that the false conduct report caused the Adult Parole Authority (APA) to deny him parole.  *Id.*, at p. 2.  Plaintiff avers that, because of the allegations in the false conduct report, his next parole hearing will not be held for seven years.  *Id.* Plaintiff attached several exhibits to his amended complaint wherein several individuals attest in affidavits that plaintiff did not stab another inmate.  Plaintiff requests $25,000.00 in damages.  *Id.*

{¶3} Defendant previously moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction.  The court agreed, in part, and on April 13, 2020, dismissed plaintiff's constitutional claims, claims challenging the decision of the APA, and claims appealing the decision by the Rules Infraction Board.  The motion to dismiss was denied, in part, because the court also determined that plaintiff arguably raised a claim for defamation.  Thereafter, on April 22, 2020, defendant filed an answer and a motion for judgment on the pleadings.  On June 3, 2020, plaintiff filed his response with corresponding exhibits and attachments.  However, pursuant to Civ.R. 12(C), the court, "may only consider the statements contained in the pleadings and may not consider any evidentiary materials." *Workman v. Franklin County*, 10th Dist. Franklin No. 00AP-1449, 2001 Ohio App. LEXIS 3818, 6 (Aug. 28, 2001) quoting *Moore v. Rickenbacker*, 10th Dist. Franklin No. 00AP-1259, 2001 Ohio App. LEXIS 1973, 3 (May 3, 2001).

---

[1]Plaintiff filed his original complaint on July 25, 2019, and his amended complaint on August 19, 2019.  It is well-settled that, "[a]n amended complaint supplants the original complaint, so the allegations in an amended complaint supersede those in the original complaint." *DSS Servs., LLC v. Eitel's Towing, LLC*, 10th Dist. Franklin No. 18AP-567, 2019-Ohio-3158, ¶ 6.   Accordingly, the court will only consider plaintiff's August 19, 2019 amended complaint.

Consequently, the court cannot consider the attachments and exhibits filed with plaintiff's response.

{¶4} As an initial matter, plaintiff argues that defendant's motion for judgment on the pleadings is improperly before the court because the certificate of service indicates that the motion was served one day prior to defendant's answer. Indeed, defendant's certificate of service indicates that the motion for judgment on the pleadings was served on April 23, 2020, one day prior to service of defendant's answer.[2] Nevertheless, both the motion for judgment on the pleadings and the answer were simultaneously filed with the court on April 22, 2020. Accordingly, defendant properly filed both an answer and a motion for judgment on the pleadings.

{¶5} Even if defendant filed a premature motion for judgment on the pleadings, the standard of review for both a Civ.R 12(B)(6) motion and a Civ.R.12(C) motion is the same. *Wilkins v. Harrisburg*, 10th Dist. Franklin No.12AP-1046, 2013-Ohio-2751, ¶ 7. Accordingly, plaintiff is not prejudiced by consideration of a premature Civ.R. 12(C) motion if dismissal under Civ.R. 12(B)(6) is otherwise appropriate. *Id.*

**Law and Analysis**

{¶6} In its motion for judgment on the pleadings, defendant argues that plaintiff's claim for defamation is barred by the one-year statute of limitations. R.C. 2743.16(A) provides, in relevant part, that "civil actions against the state * * * shall be commenced no later than two years after the date of the accrual of the cause of action or *within any shorter period that is applicable to similar suits between private parties.*" (Emphasis added.) Additionally, R.C. 2305.11(A) provides, "[a]n action for libel, slander, malicious prosecution, or false imprisonment * * * shall be commenced within one year after the cause of action accrued * * *." "Ohio has held that the statute of limitations for

---

[2]The certificate of service accompanying defendant's answer indicates that it was served upon plaintiff on April 24, 2020.

defamation, be it libel or slander, begins to run at the time words are written or spoken, not when the plaintiff became aware of them." *Singh v. ABA Publ. ABA*, 10th Dist. Franklin No. 02AP-1125, 2003-Ohio-2314, ¶ 22.

{¶7} Accepting the allegations of the amended complaint as true, plaintiff's claim accrued no later than June 24, 2017, the date upon which defendant's agents authored the false conduct report. Plaintiff filed his original complaint on July 25, 2019, more than one year after his claim accrued. In his response, plaintiff argues that his injury occurred at his parole hearing in 2019, thus making his defamation claim timely. However, as previously stated, the statute of limitations for defamation begins to run at the time the words are written or spoken, not when the plaintiff became aware of them or suffered injury. *Singh* at ¶ 22-23. Furthermore, Ohio courts have declined to apply the discovery rule to actions for defamation. *Id.* Accordingly, plaintiff's defamation claim is barred by the one-year statute of limitations.

**Conclusion**

{¶8} Making all reasonable inferences in plaintiff's favor, the amended complaint conclusively shows that his claim for defamation is barred by the one-year statute of limitations. Therefore, defendant's motion for judgment on the pleadings is GRANTED and judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed June 24, 2020**
**Sent to S.C. Reporter 8/4/20**