[Cite as *White v. Bowling Green State Univ.*, 2021-Ohio-4069.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Marcus White, | : | |
| Plaintiff-Appellant, | : | No. 21AP-344 |
| | | (Ct. of Cl. No. 2021-00142JD) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Bowling Green State University, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 16, 2021

**On brief:** *Rolfes Henry Co., LPA, James J. Birch*, and *Elijah B.D. Hack*, for appellant. **Argued**: *James J. Birch*.

**On brief:** *Dave Yost*, Attorney General, *Randall W. Knutti*, and *Howard Harcha IV*, for appellee.

APPEAL from the Court of Claims of Ohio

NELSON, J.

{¶ 1} Plaintiff-Appellant Marcus White endeavors to avoid the two-year statute of limitations that applies to his contract claim as brought in the Court of Claims by arguing (1) that a statute of limitations defense cannot be raised through a Civil Rule 12(B)(6) motion to dismiss based on the face of the complaint, and (2) that the limitations period did not begin to run when his claimed damages *began*, but rather when they would have *ended* under his reading of the contract. He also makes at least a nod toward arguing that the limitations period was tolled by (admittedly unsuccessful) attempts to mitigate damages. None of these arguments works, and we will affirm the trial court's dismissal of his action.

{¶ 2} Mr. White filed his complaint against Bowling Green State University on March 17, 2021, and amended it on April 8, 2021. Because Bowling Green is "a public

university in the state of Ohio," First Amended Complaint at ¶ 3, Mr. White filed his action in the Court of Claims, *id.* at ¶ 5. The complaint alleged that Bowling Green had hired him as an assistant football coach, and that "[o]n September 12, 2018, [the university] * * * renewed Mr. White's contract for a 12-month term effective September 1, 2018, with a base salary of $86,700." *Id.* at ¶ 10; the complaint attached a copy of the contract, which specified that Bowling Green was to pay Mr. White his salary "on the 20th of each month," *id.* at Ex. A, ¶ 4(a) as later supplemented by complaint Ex. D. A little more than two months after that last contract renewal, the complaint alleged, Bowling Green provided Mr. White with 30 days' notice that it was terminating the contract: "On November 30, 2018," Bowling Green presented Mr. White with a letter "informing [him] that his employment would end effective December 30, 2018." *Id.* at ¶ 13. "Mr. White * * * was unsuccessful in finding similar employment prior to the end of his [stated contract] term on September 1, 2019." *Id.* at ¶ 17.

{¶ 3} The complaint stated a single cause of action, for breach of contract. *Id.* at ¶ 18-22. It alleged that Bowling Green "failed to pay Mr. White any salary or benefits compensation due under his employment contract between December 30, 2018 and the end of the fiscal year term on September 1, 2019." *Id.* at ¶ 20.

{¶ 4} Bowling Green moved to dismiss the amended complaint based on the two-year statute of limitations that obtains pursuant to R.C. 2743.16(A), and after briefing the trial court granted the motion and dismissed the case. June 7, 2021 Entry of Dismissal.

{¶ 5} On appeal, Mr. White does not dispute that the statute as applicable here establishes that this action against the state university needed to have been "commenced no later than two years after the date of the accrual of the cause of action * * *." R.C. 2743.16(A). But he advances two assignments of error:

> [I.] The Trial Court abused its discretion by granting the Defendant's Civ.R. 12[B](6) Motion to Dismiss because the defendant's argument that the statute of limitations has passed is an affirmative defense that was not properly raised in a Civ.R. 12[B](6) Motion to Dismiss.
>
> [II.] The Trial Court granted Defendant's Civ.R. 12[B](6) Motion to Dismiss in error as Plaintiff's claim is not time barred under the statute of limitations because Plaintiff's cause of action did not accrue until the natural expiration of his employment contract on September 1, 2019.

"Brief of Appellee [sic], Marcus White" (hereafter "Appellant's Brief") at 1.

{¶ 6} Despite Mr. White's apparent suggestion to the contrary, we review the trial court's ruling de novo, afresh and with no presumptions in its favor, because the question of whether a complaint on its face states any cause of action on which the plaintiff theoretically could prove facts entitling him to recover is a question of law. We agree with Mr. White's later formulation that for the trial court's determination to withstand review, "it must appear conclusively from the complaint that White's claim accrued more than two years before he filed his complaint." Appellant's Brief at 6. We also agree with him that "dismissal under Civ.R. 12[B](6) based upon a statute of limitations is proper * * * when the face of the complaint conclusively shows that the action is time barred." *Id.,* citing *Leichliter v. Natl. City Bank of Columbus*, 134 Ohio App.3d 26, 32 (10th Dist.1999).

{¶ 7} Mr. White is correct to concede in the body of his brief that dismissal pursuant to the statute of limitations is warranted where the face of a complaint shows conclusively that its cause of action is time-barred when all factual allegations are deemed true and all reasonable inferences are drawn in favor of the complainant. *Leichliter* at 32 ("when the bar of a statute of limitations is apparent on the face of the complaint, a Civ.R. 12(B) motion may be the proper avenue for raising the affirmative defense of statute of limitations") (citation omitted); *Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13 ("A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred.") (citation omitted); *Stainbrook v. Ohio Secy. of State*, 10th Dist. No. 16AP-314, 2017-Ohio-1526, ¶ 15.

{¶ 8} Given the terms of R.C. 2743.16(A), the appeal boils down to whether Mr. White's complaint made clear that his claimed cause of action accrued before March 17, 2019 (two years before he filed his initial complaint). It did.

{¶ 9} Mr. White correctly observes that a cause of action for breach of contract "begins to run 'when the breach occurs or when the complaining party suffers actual damages.' " Appellant's Brief at 7, quoting *Bell v. Ohio State Bd. of Trustees*, 10th Dist. No. 06AP-1174, 2007-Ohio-2790, ¶ 27. (*Bell*'s citations omitted). It makes sense that a contract claim does not accrue until a plaintiff has suffered some actual damage, because damages are an element of a contract claim. *See Columbus Green Bldg. Forum v. State*, 10th Dist. No. 12AP-66, 2012-Ohio-4244, ¶ 29 ("The essential elements of a breach of contract

claim are a contract, performance by the plaintiff, breach by the defendant, and resultant damage to the plaintiff.") (citations omitted). Because Mr. White had no claim until he had suffered some damage, he could not have sued until that point. But his complaint makes clear that he suffered damage from the alleged breach before March 17, 2019.

{¶ 10} The complaint alleges that Mr. White had a contract to work through August of 2018, with his salary to be paid monthly, but that Bowling Green then told him that "his employment would end effective December 30, 2018" and "failed to pay [him] any salary or benefits compensation due under his employment contract" after December 30, 2018. Amended Complaint at ¶ 10, 13, 20, and Ex. A, ¶ 4(a). No construction of the complaint permits the view that he had not suffered damage from the alleged breach of contract before March 17, 2019. The trial court correctly concluded that Mr. White "suffered actual damages on December 30, 2018 [or, we would add, in the month or two immediately following], when Defendant terminated plaintiff and stopped paying him." Entry of Dismissal at 3.

{¶ 11} Mr. White does not really argue otherwise. Rather, he argues in a few different and creative ways that his cause of action in contract did not accrue until *all* his damages had been incurred. But that is not the law in Ohio. *See, e.g., Bell*, 2007-Ohio-2790 at ¶ 27 (cause accrues "when the complaining party suffers actual damages"). Thus in *Bell*, the contract cause of action was found to have accrued at the time of breach because the plaintiff there knew of the breach and "there is no allegation that [she] incurred actual damages *only* at a later date." *Id.* (emphasis added).

{¶ 12} Mr. White submits that because Bowling Green gave him 30 days' notice that his contract would end as of December 30, 2018, he had a cause of action based on "anticipatory breach" and his cause of action did not begin to run "until the date of performance on the contract." Appellant's Brief at 8, citing *Fouss v. E. Ohio Gas Co.*, 5th Dist. No. 89-CA-03, 1989 Ohio App. Lexis 2171 (May 17, 1989). But the fact that he might have had a claim for anticipatory breach did not extend the limitations period on his suit for breach of contract once the claimed breach actually had occurred. And as *Fouss* illustrates, Mr. White miscomprehends what the triggering date for Bowling Green's allegedly required performance was. He alleges that Bowling Green was obligated to retain him through August of 2019, and the contract provided that the school would pay him monthly. Once Bowling Green had terminated his employment effective December 30,

2018 and failed to pay him any salary that would have been due from that point on, Bowling Green had failed to perform. Similarly, in *Fouss*, where a buyer allegedly repudiated in October an agreed price to be paid for gas deliveries and then paid the (unilaterally lowered) rate starting in December, "[t]he actual breach of this contract occurred with the *first* [breaching] payment made [in December] at a rate contrary to the originally agreed price." *Id.* at *6-7 (emphasis added).

{¶ 13} Thus, assuming the allegations in the complaint to be true, Mr. White suffered actual damages when Bowling Green did not pay him the monthly salary that would have been due for January 2019. That was " 'the time fixed for [Bowling Green's] performance,' " *compare Haman Ents. v. Sharper Impressions Painting Co.*, 10th Dist. No. 15AP-50, 2015-Ohio-4967, ¶ 23 (citations omitted) as cited by Mr. White, and it came more than two years before he filed his March 17, 2021 complaint.

{¶ 14} The terms of the employment contract do not support any suggestion by Mr. White that he incurred no damages before the "natural expiration" of that contract on September 1, 2019. *Compare* Appellant's Brief at 11 (emphasis omitted; further noting that "[w]ithout damages, there can be no remedy for breach of contract"). He submits, in effect, that Bowling Green would have been entitled under the contract to withhold his pay for an entire year and pay him in one lump sum at the end of the contract term. *See id.* at 12 ("Plaintiff's cause of action began to accrue on the date of the nonperformance of Defendant September 1, 2019, when Defendant failed to pay Plaintiff what he was due."). But -- not surprisingly -- the contract said nothing of the kind and was not structured in that way. *Compare* Amended Complaint Ex. A, ¶ 4(a) (requiring monthly payments) *with* Amended Complaint at ¶ 20 ("BGSU failed to pay Mr. White any salary or benefits compensation due under his employment contract between December 20, 2018 and the end of the fiscal year term on September 1, 2019."). Mr. White's complaint would not have been dismissed on the basis that his claim had not accrued had he brought it, say, in late February of 2019. March of 2021 was too late under the statute of limitations.

{¶ 15} Mr. White's reliance on *Bd. of Edn. v. Civ. Rights Comm.*, 66 Ohio St.2d 252 (1981), is misplaced. That was an employment discrimination case, and the teachers there were not suing under the contract pursuant to which they had been employed; rather, their complaint was that their contract was not renewed and they were terminated as a consequence. *See id.* at 253-54. Unlike Mr. White's case, the "natural termination" of their

contracts, to use Mr. White's phrase, coincided with their actual termination. Construing the law's provisions against discrimination "liberally," the Supreme Court of Ohio concluded that the limitations period there was triggered when the teachers' employment was terminated (because their contracts were over and were not renewed); the high court observed, consistent with what we have explained above, that " 'when one's conduct is not presently injurious a statute of limitations begins to run against an action for consequential injuries resulting from such act only from the time that actual damage ensues.' " *Id.* at 256, quoting *State ex rel. Teamsters Local Union 377 v. Youngstown*, 50 Ohio St.2d 200, 204 (1977) (citations omitted). Here, Mr. White was terminated effective December 30, 2018 and suffered damage when he was not paid his salary from that point forward. The civil rights case he cites avails him not at all.

{¶ 16} Mr. White makes another run at persuading us of his point by suggesting that a contract claim does not accrue until a potential plaintiff can establish that he cannot overcome a potential affirmative defense of failure to mitigate all damages. His argument is that he was trying (without success) to land another job, and therefore could not have known the quantum of his net damages (contract damages less replacement earnings) until the year contract period had run and he had proven unemployable over that span. *See* Appellant's Brief at 10, 14-15. He cites us to no authority for the proposition that mitigation efforts toll the statute of limitations for a contract claim.

{¶ 17} Failure to mitigate damages is, potentially, an affirmative defense to a cause of action that has accrued; it is not a bar to the accrual of a contract claim. After all, " 'complaints need not anticipate and attempt to plead around defenses.' " *Savoy v. Univ. of Akron*, 10th Dist. No. 11AP-183, 2012-Ohio-1962, ¶ 8, quoting *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir.2004). Put another way, mitigation of damages is just that – a mitigation of damages incurred: the potential defense does not stop a plaintiff from asserting contract damages; instead, it can subtract from damages that have been suffered. "[W]hether a complaint states a claim upon which relief can be granted is not dependant upon whether potential defenses are available." *Columbus Green Bldg. Forum*, 2012-Ohio-4244 at ¶ 28 (citation omitted). Potential mitigation issues do not in this context defeat the trial court's conclusion that Mr. White's "claim is barred by the statute of limitations." Judgment Entry at 3.

{¶ 18} We overrule Mr. White's two, interrelated assignments of error. We therefore affirm the judgment of the Court of Claims of Ohio dismissing Mr. White's action for failure to state a claim upon which relief can be granted.

*Judgment affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____