[Cite as *Kanu v. Univ. of Cincinnati*, 2018-Ohio-4969.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bryan Kanu, | : | |
| Plaintiff-Appellant, | : | No. 18AP-517 |
| | | (Ct. of Cl. No. 2018-00042) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| University of Cincinnati, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 11, 2018

**On brief:** *Bryan Kanu*, pro se.

**On brief:** *Michael DeWine*, Attorney General, *Randall W. Knutti*, and *Jeanna Jacobus*, for appellant. **Argued:** *Randall W. Knutti.*

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Bryan Kanu, appeals from a judgment of the Court of Claims of Ohio granting the Civ.R. 12(B)(6) motion of defendant-appellee, University of Cincinnati ("UC"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} In January 2018, Kanu filed a 90-page pro se complaint in the Court of Claims against UC and multiple other defendants. The trial court dismissed the other defendants because they are not state agencies or instrumentalities. In February 2018, UC filed a motion to dismiss pursuant to Civ.R. 8 and 12(B)(6). In its motion to dismiss, UC argued that Kanu failed to comply with Civ.R. 8 because his complaint did not contain a short and plain statement of his claim showing he is entitled to relief. UC also argued that,

insofar as Kanu alleged an employment discrimination claim, there is no basis for such a claim because Kanu was not an employee of UC.  Therefore, UC argued any discrimination claim should have been dismissed pursuant to Civ.R. 12(B)(6).

{¶ 3}  Two days after UC filed its motion to dismiss, Kanu filed a three-page amended complaint against UC.  In his complaint, Kanu alleges UC mistreated him during his enrollment at the university in the following ways: he suffered "malicious harassment"; UC negligently "allowed [his] employment opportunities to be interfered with while he was a co-op student at Siemens PLM Software"; UC failed to protect him from a hostile work environment at Siemens; certain UC employees violated UC's Code of Conduct by not taking appropriate action after he reported "suspected violations"; UC was negligent in its hiring, retention, and supervision of certain employees who allegedly harassed him or failed to protect him from harassment during his time at Siemens; and he was "harmed by receiving bad career/resume advice."  (Feb. 16, 2018 Am. Compl. at 1-2.)  In March 2018, UC moved to dismiss Kanu's amended complaint pursuant to Civ.R. 12(B)(6).

{¶ 4}  As to each of Kanu's allegations against UC, the trial court found he had failed to state a claim upon which relief can be granted.  Consequently, the trial court dismissed his amended complaint pursuant to Civ.R. 12(B)(6).

{¶ 5}  Kanu timely appeals.

## II.  Assignments of Error

{¶ 6}  Kanu assigns the following errors for our review:

> [1.] Hon. Judge McGrath erred by dismissing the Appellant's complaint against the evidence and against the ruling that "before the court may dismiss the complaint, it must appear beyond [a] doubt that the plaintiff can prove no set of facts entitling him to recovery" standard as recognized by the Supreme Court of Ohio for dismissal pursuant to Civ.R. 12(B)(6), and the Supreme Court of the United States standard for dismissing a civil claims case, against the ruling that "failure of the complaint to set forth specific facts to support its general allegations of [discrimination] was not a sufficient ground for dismissal of the suit".  See Conley v. Gibson, 355 U.S. 41 (1957).
>
> [2.] Hon. Judge McGrath erred by not holding Appellant's pro se complaint to "less stringent standards than formal proceedings drafted by lawyers", as recognized and upheld by

the Supreme Court of the United States, see Haines v. Keaner, et al., 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652

[3.] Hon. Judge McGrath erred in his interpretation and definition of negligent infliction of emotional distress and also in his interpretation and definition of intentional infliction of emotional distress

[4.] Hon. Judge McGrath erred in his finding that the Appellee's argument that "amended complaint does not set forth a set of facts which, if proven, would entitle plaintiff to relief", against the Supreme Court's upheld decision that a complaint does not necessarily need to "necessarily contain facts that can support a cause of action". See Dioguardi v. Durning 139 F.2d 774, 1944 U.S. App. 4124.

[5.] Hon. Judge McGrath erred by granting the Appellee's motion for dismissal for failure to state a claim, against the evidence and protections specifically provided to the Appellant by the University of Cincinnati through their Code of Conduct effective February 15, 2009 and the Employee Policy Conduct 15.02 Section 3(a).

[6.] Hon. Judge McGrath erred by granting the Appellee's motion to dismiss pursuant to Civ. R. 12(B)(6), after Appellant had twice raised the issue of Appellee's misrepresentation of the facts, against Civ.R. 60(B)(3).

(Sic passim.)

## III. Discussion

{¶ 7} In his first, second, and fourth assignments of error, Kanu generally asserts the trial court applied the incorrect standard in resolving UC's motion to dismiss pursuant to Civ.R. 12(B)(6). He argues the trial court did not properly account for the fact that he filed his amended complaint pro se. Relatedly, he argues the standard the trial court applied was contrary to the law set forth by the United States Supreme Court. These arguments are unpersuasive.

{¶ 8} As a state court, we are not bound by federal case law interpretation of federal procedural law. *Ohio Civ. Serv. Emps. Assn. v. Moritz*, 39 Ohio App.3d 132, 133 (10th Dist.1987), citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *O'Leary v. Pennsylvania R.R. Co.*, 70 Ohio Law Abs. 133, 138 (2d Dist.1953); *see Cach v. Alderman*, 10th Dist. No.

15AP-980, 2017-Ohio-5597, ¶ 14 ("The Federal Rules of Civil Procedure may provide guidance to a state court; however, they do not govern civil procedure in Ohio state courts and are not binding."). Thus, Ohio procedural law governs this case.

{¶ 9} Furthermore, it is well-established that pro se litigants in Ohio are held to the same rules, procedures, and standards as litigants represented by counsel. *See, e.g.*, *Zukowski v. Brunner*, 125 Ohio St.3d 53, 2010-Ohio-1652; *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448; *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651 (10th Dist.2001). A court may, in practice, grant a certain amount of latitude toward pro se litigants. *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, ¶ 5 (4th Dist.). However, the court cannot simply disregard the rules in order to accommodate a party who fails to obtain counsel. *Id.* "The rationale for this policy is that if the court treats pro se litigants differently, 'the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.' " *Pinnacle Credit Servs., LLC v. Kuzniak*, 7th Dist. No. 08 MA 111, 2009-Ohio-1021, ¶ 31, quoting *Karnofel v. Kmart Corp.*, 11th Dist. No. 2007-T-0036, 2007-Ohio-6939, ¶ 27.

{¶ 10} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. *Coleman v. Columbus State Community College*, 10th Dist. No. 15AP-119, 2015-Ohio-4685, ¶ 6. "A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *Rudd v. Ohio State Hwy. Patrol*, 10th Dist. No. 15AP-869, 2016-Ohio-8263, ¶ 11. In reviewing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court may not rely on allegations or evidence outside the complaint. *Id.* In considering the complaint, the court "must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff." *Coleman* at ¶ 6, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Rudd* at ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. However, the court need not accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Rudd* at ¶ 12,

citing *Morrow v. Reminger & Reminger Co., LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.). "[T]o constitute fair notice [so as to state a claim] the complaint must still allege sufficient underlying facts that relate to and support the alleged claim." *Rivera v. Riggle*, 7th Dist. No. 15 MA 0223, 2016-Ohio-8032, ¶ 16, citing *Klan v. Med. Radiologists, Inc.*, 12th Dist. No. CA2014-01-007, 2014-Ohio-2344, ¶ 13; *see Mohat v. Horvath*, 11th Dist. No. 2013-L-009, 2013-Ohio-4290, ¶ 14 ("While the complaint does not need detailed factual allegations, it requires more than mere conclusions or a recitation of the elements of the claim."). An appellate court reviews a trial court's dismissal pursuant to Civ.R. 12(B)(6) under a de novo standard of review. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 12.

{¶ 11} Based on our review of the trial court's decision, we find the trial court properly applied the above-outlined standard in its review of UC's motion to dismiss for failure to state a claim. The trial court generously construed and carefully analyzed Kanu's allegations against UC. Ultimately, the trial court determined that Kanu failed to allege sufficient facts to support his claims and instead alleged unsupported, conclusory legal propositions. Because the trial court applied the correct standard in reviewing UC's motion to dismiss for failure to state a claim, we overrule Kanu's first, second, and fourth assignments of error.

{¶ 12} In his third assignment of error, Kanu argues the trial court erred in applying the incorrect requirements for his claims of intentional inflection of emotional distress and negligent inflection of emotional distress. We disagree.

{¶ 13} Kanu's complaint states that UC's "malicious harassment" caused him to suffer emotional distress. The trial court construed this as claims for intentional infliction of emotional distress and possibly negligent infliction of emotional distress. To recover for a claim of intentional infliction of emotional distress under Ohio law, "it is not enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." *Mendlovic v. Life Line Screening of Am., Ltd.*, 173 Ohio App.3d 46, 2007-Ohio-4674, ¶ 47 (8th Dist.). Rather, "[l]iability is found only where the conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.*, citing *Yeager v. Local Union 20, Teamsters*, 6 Ohio St.3d 369, 374-75 (1983). In general, "it must be conduct that would lead an average member of the community to exclaim, 'Outrageous!' " *Perkins v. Lavin*, 98 Ohio App.3d 378, 383 (9th Dist.1994), citing *Yeager* at 374-75, citing Restatement of the Law 2d, Torts, Section 46(1) (1965). Here, the trial court applied this standard and correctly found that Kanu did not allege any conduct by UC that reasonably could be considered extreme and outrageous.

{¶ 14} Additionally, insofar as Kanu alleges negligent infliction of emotional distress, the trial court properly reasoned that this claim also fails as a matter of law because Kanu did not allege he either witnessed or experienced a dangerous accident or was subjected to an actual physical peril. *Paugh v. Hanks*, 6 Ohio St.3d 72 (1983); *see Prysock v. Bahner*, 10th Dist. No. 03AP-1245, 2004-Ohio-3381 (a plaintiff claiming emotional distress without contemporaneous physical injuries must demonstrate that he or she was in fear of physical consequences to his or her person).

{¶ 15} Because Kanu fails to demonstrate any trial court error in defining the elements of proof necessary to bring forth a viable claim for either intentional infliction of emotional distress or negligent infliction of emotional distress, his third assignment of error is overruled.

{¶ 16} Kanu's fifth assignment of error contends the trial court erred in granting UC's motion to dismiss for failure to state a claim as to his claim regarding the UC's Code of Conduct. We reject this argument.

{¶ 17} In his complaint, Kanu vaguely alleges that certain UC employees violated UC's Code of Conduct in connection with his report of suspected violations. The trial court liberally construed his allegations as presenting a breach of contract claim. *See Behrend v. State*, 55 Ohio App.2d 135, 139 (10th Dist.1977) ("[W]hen a student enrolls in a college or university, pays his or her tuition and fees, and attends such school, the resulting relationship may reasonably be construed as being contractual in nature."). While Kanu's complaint generally alleges noncompliance with UC's Code of Conduct, it does not set forth any factual allegations to place UC on notice of how UC breached its duty, or how he was damaged by any breach. Because legal conclusions in a complaint, unsupported by basic

underlying factual allegations, are insufficient to survive a motion to dismiss for failure to state a claim, the trial court properly dismissed Kanu's breach of contract claim.

{¶ 18} Therefore, Kanu's fifth assignment of error is overruled.

{¶ 19} Lastly, in his sixth assignment of error, Kanu asserts the trial court violated Civ.R. 60(B)(3) by granting UC's motion to dismiss pursuant to Civ.R. 12(B)(6) even though he had raised issues regarding UC's alleged misrepresentation of facts. He asserts UC, in its first motion to dismiss, falsely stated that he was not an employee of UC. This assignment of error lacks merit.

{¶ 20} First, Kanu's reliance on Civ.R. 60(B)(3) is misplaced. Civ.R. 60(B) provides a means for a party, under defined circumstances, to seek relief from a trial court's judgment. Kanu did not file for such relief in the trial court. Therefore, that rule is not pertinent to this appeal. Second, Kanu's assertion that UC, in its motion to dismiss Kanu's original complaint, misrepresented facts regarding his alleged employment with UC fails to recognize that his amended complaint operated to supersede his original complaint. " 'An amended complaint takes the place of the original, which is then totally abandoned.' " *Michel v. Michel*, 7th Dist. No. 10 NO 376, 2012-Ohio-4037, ¶ 18, quoting *Harris v. Ohio Edison Co.*, 7th Dist. No. 91 C.A. 108 (Aug. 3, 1992). Therefore, UC's motion to dismiss Kanu's original complaint, and the assertions contained therein, became moot upon Kanu's filing of his amended complaint. And third, a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is resolved solely based on the allegations contained in the complaint. Assertions of fact in a responding pleading or motion to dismiss are not considered in that analysis.

{¶ 21} Accordingly, we overrule Kanu's sixth assignment of error.

## IV. Disposition

{¶ 22} Having overruled all six of Kanu's assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

———————————