[Cite as *Habibi v. Univ. of Toledo*, 2020-Ohio-766.]

IN THE COURT OF APPEALS OF OHIO
TENTH APPELLATE DISTRICT

Hassan Habibi, :

    Plaintiff-Appellant, :

                              No. 19AP-583

v. : (Ct. of Cl. No. 2019-00656JD)

University of Toledo, : (ACCELERATED CALENDAR)

    Defendant-Appellee. :

D E C I S I O N

Rendered on March 3, 2020

**On brief:** *Hassan Habibi,* pro se.

**On brief:** *Dave Yost,* Attorney General, *Lauren D. Emery, Gregory S. Young,* and *Stacy Hannan,* for appellee. **Argued:** *Stacy Hannan.*

APPEAL from the Ohio Court of Claims

NELSON, J.

{¶ 1}  Hassan Habibi appeals from the dismissal of his complaint by the Ohio Court of Claims. To the extent that his complaint stated any claims cognizable in that court, they were time barred. We affirm the dismissal.

{¶ 2}  Mr. Habibi recited in his May 24, 2019 complaint against the University of Toledo that he had been "dismissed from the University of Toledo College of Medicine in April 2006." Complaint at ¶ 12. His dismissal, he alleged, had resulted from his having been denied "my due process" by members of the Student Promotions Committee "[i]n [s]ummer of 2004." *Id.* Mr. Habibi also alleged that "[a]fter [his] dismissal" (his brief to us puts this time frame as "[d]uring the ensuing weeks and months," Appellant's Brief at 1), "a number of high-ranking officials and administrators engaged in gross misconduct" against him. Complaint at ¶ 12. Although the complaint did not specify the nature of that "misconduct," its "purpose" was alleged to be "to prevent [him] from gaining admission

into another educational institution," and "to prevent [him] from getting help" from two particular school administrators. *Id.* The complaint later alleges that those two administrators "would embarrass * * * and humiliate [him] everytime [sic] [he] went to them for help." *Id.*

{¶ 3} Mr. Habibi's complaint further claimed that "in [f]all of 2013, when the Board of Trustees found out about this gross misconduct against [him], [it] orchestrated the termination of five high-ranking university officials" without notice to him. *Id.* These officials were terminated, the complaint continued, "because of the misconduct they had committed against" him. *Id.* Further, one of the two officials who were said to have embarrassed and humiliated him when he sought help "did not respond to [his] emails" when he "sent a series" in the "[s]ummer of 2013" (some seven years after he had been dismissed from the school). *Id.* (adding that "[i]nstead she announced her retirement * * * when she realized the magnitude and severity of the misconduct she had committed against" him). It was not until March of 2019, the complaint stated, that Mr. Habibi learned both the reason the five university officials "had been terminated" and that four identified students had been "treated significantly differently" from him in some unspecified way during the summer of 2004. *Id.*

{¶ 4} The complaint sought $42,000,000 in damages to Mr. Habibi's life and career and for his inability to repay his student loans. *Id.* at ¶ 13, 14.

{¶ 5} The University filed a motion to dismiss Mr. Habibi's complaint for failure to state a claim upon which relief can be granted and (as to any constitutional claim) for want of subject-matter jurisdiction in the Court of Claims.

{¶ 6} In a clear and careful decision, the trial court granted that motion and dismissed the case under the appropriate standards. August 2, 2019 Entry of Dismissal. It recognized that dismissal for failure to state a claim pursuant to Civil Rule 12(B)(6) when based on a statute of limitations is appropriate only "when the face of the complaint conclusively shows that the action is time-barred," *id.* at 1 (citing *Leichliter v. Natl. City Bank of Columbus*, 134 Ohio App.3d 26, 32 (10th Dist.1999), and that "the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party," *id.* (citing *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190 (1988)). It also acknowledged that " '[t]he standard of review for a dismissal

pursuant to Civ.R. 12(B)(1) [for lack of subject matter jurisdiction] is whether any cause of action cognizable by the forum has been raised in the complaint.' " *Id.*, quoting *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989).

{¶ 7} The trial court observed that R.C. 2743.16(A) provides in relevant part that, "civil actions against the state * * * shall be commenced no later than two years after the date of the accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." *Id.* at 2. "Under Ohio law," the decision continued, " 'a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed.' " *Id.*, quoting *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998). The trial court went on to note, however, that under the discovery rule exception, where applicable, " 'a cause of action accrues when the plaintiff discovers [or reasonably should have discovered that he] * * * was injured by the wrongful conduct of the defendant.' " *Id.* at 2-3, quoting *Collins* (further citations omitted).

{¶ 8} Pointing out that Mr. Habibi's relationship with the University "was contractual in nature," *id.* at 3, citing *Bleicher v. Univ. of Cincinnati College of Medicine*, 78 Ohio App.3d 302, 308 (10th Dist.1992) (further citation omitted), the trial court stated:

> Plaintiff was dismissed from the University of Toledo College of Medicine in April 2006. Thus, although plaintiff states that he continued to be injured by defendant in March of 2019, any claim plaintiff had regarding his dismissal from the College of Medicine or disparate treatment by defendant would have arisen in 2006, when he was dismissed. It was at this time that plaintiff discovered he was injured by defendant. Thus, plaintiff had until April 2008 to file any claim regarding his dismissal * * *. Plaintiff filed his complaint in 2019. Thus, plaintiff's complaint was not timely filed.

*Id.* The trial court added that the same two-year time bar would apply to any claims Mr. Habibi sought to advance relating to alleged events from 2013. *Id.* at 4.

{¶ 9} The trial court ruled further that "to the extent plaintiff alleges his constitutional rights were violated, such a claim must be dismissed for lack of subject-matter jurisdiction. * * * * It is well-settled," the trial court continued, "that the Court of Claims has no jurisdiction to consider constitutional claims." *Id.*, citing *Bleicher* and also *Deavors v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 98AP-1105, 1999 Ohio App. Lexis 2338, * 5 (May 20, 1999). "Furthermore, it is a well-established principle of law that the

state of Ohio is not a 'person' within the meaning of Section 1983, Title 42, U.S. Code; therefore, such actions cannot be brought against the state." *Id.*, citing *White v. Chillicothe Corr. Inst.*, 10th Dist. No. 92AP-1230, 1992 Ohio App. Lexis 6718 (Dec. 29, 1992). "Plaintiff states that he was 'denied [his] due process by * * * the Student Promotions Committee' and that the Board of Trustees did not notify plaintiff 'of [his] right to testify at the meetings and the hearings where the decision to terminate' the university officials was made. * * * * [T]o the extent plaintiff states a claim of deprivation of due process rights, such a claim is [dismissed] pursuant to Civ.R. 12(b)(1)." *Id.*

{¶ 10} Mr. Habibi posits three assignments of error, submitting to us that: (1) "The Ohio Court of Claims erred in granting Defendant's Motion to Dismiss," (2) in part by failing to "address the flashbacks and bad memories that Habibi * * * continues to have," and (3) the "decision by the lower court judge does not address the blatant violation of Ohio Civil Rule 11 that was committed by the attorney for the Defendant." Appellant's Brief at iii. We review the grant of the motion to dismiss afresh, again taking the factual allegations of the complaint as true and drawing all reasonable inferences in favor of Mr. Habibi. *See, e.g., Dickason v. State*, 10th Dist. No. 01AP-1373, 2002-Ohio-5168, ¶ 16.

{¶ 11} Mr. Habibi argues first that the University's motion to dismiss "should never have been granted in the first place because [the University] never filed an answer." Appellant's Brief at 1. But Civil Rule 12(B) explicitly provides that defenses including lack of subject-matter jurisdiction [12(B)(1)] and for failure to state a claim [12(B)(6)] "may at the option of the pleader be made by motion." Thus, "filing a Civ.R. 12(B) motion is an alternative to answering the complaint, and a defendant who files such a motion need not answer the complaint until after the motion is decided." *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 5. Here, the University made its motion to dismiss well within the 28-day response time identified by Civil Rule 12(A), and the trial court did not err in ruling on it.

{¶ 12} Moreover, the trial court was right to grant the motion. Mr. Habibi does not mount any argument attempting to contest the trial court's holding that the Court of Claims lacks subject-matter jurisdiction over some sort of a constitutional, "due process" claim (assuming simply for sake of argument that the complaint approached setting one forth). *See* Entry of Dismissal at 4; *see also, e.g., Bleicher*, 78 Ohio App.3d at 307 (quoting

*Thompson v. S. State Community College*, 10th Dist. No. 89AP-114, 1989 Ohio App. Lexis 2338, * 4 (June 15, 1989), for the proposition that because "a plaintiff in the Court of Claims is limited to causes of action which he could pursue if defendant were a private party," and because constitutional violations [state or federal, we note] require "an element of state action, plaintiff's constitutional claims present no viable cause of action to be heard in the Court of Claims"); *White*, 1992 Ohio App. Lexis 6718 at * 3 ("the Court of Claims lacked jurisdiction to hear appellant's claims [against the state] which were based upon * * * the United States Constitution"); *compare Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (state is not a person subject to federal liability under 42 U.S.C. 1983).

{¶ 13} Mr. Habibi's next argument, that he did not have the opportunity to initiate discovery, *see* Appellant's Brief at 2, does not address the two-year statute of limitations and the complaint's failure to state a cause of action. The trial court properly dismissed Mr. Habibi's case because the face of the complaint itself did not assert a viable cause of action. Indeed, we note that even beyond the time bar, and while the complaint made certain legal, or at least legalistic, conclusions, it did not allege facts stating what the claimed "gross misconduct" allegedly perpetrated against Mr. Habibi by "a number of high-ranking university officials" actually was. "[T]he court need not accept as true any unsupported and conclusory legal propositions advanced in the complaint." *Kanu v. Univ. of Cincinnati*, 10th Dist. No. 18AP-517, 2018-Ohio-4969, ¶ 10 (citations omitted; adding [with citations omitted] that " 'to constitute fair notice [so as to state a claim] the complaint must still allege sufficient underlying facts that relate to and support the alleged claim,' " and holding that generalized allegations including assertions of "malicious harassment" and of giving "bad career/resume advice," ¶ 3, "failed to allege sufficient facts to support [plaintiff's] claims and instead alleged unsupported, conclusory legal propositions," ¶ 11). By the same token, we note that Mr. Habibi's complaint does not reflect how he was injured by the school's alleged 2013 firing (for reasons Mr. Habibi says he discovered in 2019) of various officials he says had wronged him. Nor does the complaint state a claim or explain injury from the alleged 2013 failure of an official to respond to his emails.

{¶ 14} In any event, Mr. Habibi's claims of ongoing harm "ever since being dismissed" from the medical school in 2006, complaint at ¶ 13, do not rescue his complaint from the two-year statute of limitations. The trial court was correct in noting that the

attempted cause of action accrued "when he was dismissed," an event of which Mr. Habibi does not claim to have been unaware. *See* Entry of Dismissal at 3. Even where the discovery rule applies, a cause of action accrues when the party claiming harm has discovered or should have discovered that he " 'was injured by the wrongful conduct of the defendant.' " *Id.*, quoting *Collins.* "It is unnecessary for a plaintiff to be aware of the full extent of damages before there is a cognizable event" that triggers the limitations period. *Rosendale v. Ohio Dept. of Transp.*, 10th Dist. No. 08AP-378, 2008-Ohio-4899, ¶ 6, citing *Allenius v. Thomas*, 42 Ohio St.3d 131, 133-34 (1989). We overrule Mr. Habibi's first two assignments of error.

{¶ 15} Mr. Habibi's final argument is that the trial court should have denied the University's motion to dismiss as improper because it did not bear "the original handwritten signatures of [defense counsel] Dave Yost and Lauren Emery on it." Appellant's Brief at 2. The electronic filing of that motion with counsel's electronic signature is what Mr. Habibi in his third assignment of error deems a "blatant violation of Ohio Civil Rule 11." *Id.* at iii. He is wrong. The Court of Claims authorizes electronic filing, and an electronic signature is "deemed to constitute a legal signature on the document for purposes of the signature requirements imposed by the * * * Rules of Civil Procedure." Ohio Court of Claims' Administrative Rules Regarding Electronic Filing, VII(F)(a). The motion to dismiss was signed by counsel of record. And it was well taken. We overrule Mr. Habibi's third assignment of error.

{¶ 16} We affirm the judgment of the Court of Claims that dismissed Mr. Habibi's complaint.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

_____